Scates, Justice, delivered the opinion of the court: This was a bill in chancery, for an injunction, with a prayer for general relief; to which the court below sustained a general demurrer, dissolved the injunction, and dismissed the bill. These decisions are assigned for error. The bill states, that on, the 9th day of November, 1840, Robinson executed his note to Chesseldine, for 1680.85, payable one year after date. That at the April term, of the Brown circuit court, 1842, Chesseldine recovered a judgment upon this note against Robinson; that afterwards execution issued, [* 333] and was put into the hands of Nye, sheriff of said county, and by him levied upon the lands of Robinson. That he advertised them for sale on the 18 th day of July, 1842, and was about proceeding to sell them, without first having them appraised according to the provisions of the act of 27th of February, 1841, Is the complainant entitled to relief by bill in equity ? Notwithstanding the circuit courts are invested with equity, as Avell as common law jurisdiction, they are as distinctly separated, in their administration, as if vested in different courts. Courts of law have a general supervisory power over their process, either mesne or final; and, according to the settled practice, may prevent or correct any abuse of it. A party, out of term, intending to move to set aside or quash any execution, replevin bond, or other proceedings, may apply to a judge, at chambers, and, in his discretion, if probable cause appear, he may so certify, and stay all further proceedings, until the order of the court on the motion. Gale’s Stat. 395, § 23. Under this provision, or the general supervisory power of the court, the complainant might have obtained a stay of proceedings, under the execution, until the hearing of the motion. And if the complainant were entitled to the benefit of the appraisement, and sale for two-thirds the appraised value, the court might have caused an order to that effect to be endorsed upon the execution. So the party is entitled to complete redress, and has a full and ample remedy at law ; and courts of equity will not exercise concurrent jurisdiction in such cases, unless some circumstances of fraud, irreparable injury, trust, accident, or such like, exist, to give it. None such are shown by this bill. And we are, therefore, of opinion that the court had no jurisdiction in this case. The decree is affirmed with costs. Decree affirmed.